```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER HOOSE and KATRESE LOCKETT,

                    Plaintiffs,              09-CV-6080T

          v.                                 DECISION
                                             and ORDER
MONROE COUNTY,

                    Defendant,
_____
```

INTRODUCTION

Plaintiffs Jennifer Hoose ("Hoose") and Katrese Lockett ("Lockett"), bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000(e), et seq., 42 U.S.C. § 1983, and the New York State Human Rights Law claiming that their rights were violated and that they were discriminated against when they were terminated from their employment with the defendant County of Monroe ("the County"). Specifically, the plaintiffs, both of whom are female, claim that they were fired from their jobs as Monroe County child protective services case workers for engaging in activity that was allowed for similarly situated male employees. In support of this claim, plaintiffs allege that they were fired for improperly accessing and disseminating confidential information, and that male co-employees were not disciplined or fired for engaging in the same activity.

Defendant Monroe County now moves for judgment on the pleadings claiming that the plaintiffs have failed to state a cause of action for discrimination under Title VII, are barred from bringing a cause of action under the New York State Human Rights Law because they have failed to satisfy the statutory prerequisites for filing such a claim, and have failed to establish the violation of a constitutional right that would subject the County to liability under 42 U.S.C. § 1983. Plaintiffs concede that they have failed to timely serve a notice of claim on the county with respect to their Human Rights Law claim, and have withdrawn that claim. With respect to plaintiffs' remaining claims, they allege that they have satisfied the pleading requirements for establishing Title VII and Section 1983 liability.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiffs' Section 1983 claims, and deny defendant's motion to dismiss plaintiffs' Title VII claims.

BACKGROUND

The following facts are alleged in the Complaint. Plaintiffs Jennifer Hoose and Katrese Lockett began their employment with the County of Monroe in July, 2004. Although the Complaint fails to identify the positions held by the plaintiffs, according to the defendant, Hoose and Lockett were employed as Child Protective Services caseworkers. According to the Complaint, both Hoose and

Lockett were accused of improperly accessing confidential information contained in the County's computers. According to the County, the plaintiffs not only accessed confidential information that they were not authorized to view, they disclosed the contents of that information to third-parties. Plaintiffs contend that they were fired for accessing the confidential information.

Although the plaintiffs do not admit or deny that they accessed confidential information, they claim that male employees who accessed confidential information were not fired. As a result, they claim that they were discriminated against on the basis of their gender, in that they were treated differently than male employees who accessed confidential information. The defendant asserts that it is "not aware" of any instances in which male employees that were found to have accessed confidential information were treated differently than female employees found to have engaged in the same conduct.

## DISCUSSION

### I. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part that upon the close of pleadings, any party may move for judgment upon the pleadings. A motion for judgment on the pleadings pursuant to Rule 12(c) is evaluated under the same standards that apply to a Rule 12(b)(6) motion to dismiss for

failure to state a claim. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2nd Cir. 2001). In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the

speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

In considering a motion for judgment on the pleadings, the court may consider only the pleadings, and not additional evidence submitted by the parties. Keywell L.L.C. v. Pavilion Building Installation, --- F.Supp.2d ----, 2012 WL 914998 at * 5 (W.D.N.Y., March 12, 2012)(Skretny, C.J.)(citing Sira v. Morton, 380 F.3d 57, 66-67 (2d Cir.2004). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira, 380 F.3d at 67. In cases where a defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, but has submitted evidence outside the scope of the pleadings for the court's consideration, the court may, in its discretion, either consider the additional evidence and convert the defendant's motion to a motion for summary judgment (on notice to the plaintiff) or exclude the evidence and consider the motion as it is filed by the defendant. Fed. R. Civ. P. 12(d).

In the instant case, despite the fact that discovery has been conducted and closed, defendant has moved for judgment on the pleadings, but has not moved for summary judgment. I defer to the defendant's choice, and decline to convert its motion to one for summary judgment. As a result, I exclude that evidence submitted

by the defendant that is not incorporated by reference in the plaintiff's Complaint.

II. <u>Title VII Claims</u>

Plaintiffs allege that they were discriminated against on the basis of their gender on grounds that they were fired for accessing and disseminating confidential information whereas male employees were not fired for engaging in the same activity.

Title VII of the Civil Rights Act of 1964, prohibits an employer from "hir[ing] or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin". 42 U.S.C. § 2000e-2.  To establish a prima facie case of unlawful employment discrimination based on gender under Title VII, a plaintiff must establish that she is a member of a protected class, was qualified for the position she held, was subjected to an adverse employment action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

In the instant case, plaintiffs allege that they are members of a protected class, that they were qualified for their positions, that they were subject to the adverse employment action of termination from their employment, and that their firing raises an

inference of gender discrimination because male employees who engaged in the same alleged conduct were not fired.

Such allegations state a claim for gender discrimination under Title VII. Although defendant argues that the plaintiffs have not submitted proof that male employees were treated differently than the plaintiffs, such a claim is inapposite as the defendant has sought dismissal of these claims based on the pleadings alone. At the pleading stage, a plaintiff is not required to prove her claims, but instead, as set forth in Rule 8 of the Federal Rules of Civil Procedure, need only set forth a "short, plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Moreover, even if this court were to convert defendant's motion for judgment on the pleadings to a motion for summary judgment, defendant's claims that it "is not aware of any instances where men have improperly accessed confidential records without investigation and sanction" and that the plaintiffs were "obviously [terminated] due to their violations" of State and local regulations woefully fail to establish any basis for granting the defendant's motion. Defendant fails to cite any facts to support these claims, and the mere fact that the County may be unaware of discrimination fails to establish that no discrimination occurred. Similarly, while the reason for the termination of plaintiffs' employment may be "obvious" to the County, but where the County has

failed to submit evidence to the court that similarly situated males were treated similarly to the plaintiffs, the court can not make such a determination of fact.

   III. Section 1983 Claims

Plaintiffs allege that they were denied equal protection under the law in violation of the Fourteenth Amendment to the United States Constitution because they were fired from their jobs for having improperly accessed and disseminated confidential information whereas male employees were not fired despite engaging in the same behavior. Plaintiffs name only the County of Monroe as a defendant with respect to this claim.

To state a cause of action against a municipality for a violation of civil rights under Section 1983, a plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995); see also, Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). A plaintiff may establish the existence of a policy or custom by submitting evidence of the policy itself, or by "establishing that responsible supervisory officials acquiesced in a pattern of unconstitutional conduct by subordinates." Dove v. Fordham University, 56 F.Supp.2d 330, 336 (S.D.N.Y. 1999). Accordingly, to establish municipal liability in a Section 1983 action, the plaintiff must "first prove the

existence of a municipal policy or custom . . . [and] [s]econd, . . . must establish a causal connection–an affirmative link–between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2nd Cir. 1985)(citing Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8). As stated by the Supreme Court in Monell, to state a claim against a municipality, a plaintiff must establish that the identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694.

In the instant case, plaintiff has failed to identify any policy or custom practiced by the County of Monroe that resulted in a deprivation of plaintiffs' constitutional rights, and as a result, has failed to state a claim for municipal liability under Section 1983. See Dean v. New York City Transit Authority, 297 F.Supp.2d 549, 555 (E.D.N.Y., 2004)(dismissing claim of Section 1983 municipal liability where plaintiff had "failed to allege that . . disparate treatment . . .resulted from any municipal policy, practice, or custom . . . ."). An allegation that a plaintiff suffered disparate treatment, standing alone, fails to implicate a municipality's liability for discrimination. Rather, a plaintiff must allege, and ultimately prove, that the disparate treatment resulted from a municipal policy or custom. See Dawson v. County of Westchester, 351 F.Supp.2d 176. 195-96 (S.D.N.Y., 2004)(holding as a matter of law that even where individual defendants could be

found to have engaged in discriminatory behavior, plaintiff failed to allege or establish that the discriminatory behavior resulted from a municipal policy or custom, and as a result, plaintiff failed to adequately allege municipal liability under Section 1983.)  Because plaintiff has failed to allege or identify a municipal policy or custom that resulted in the deprivation of plaintiffs' constitutional rights, I grant defendant's motion to dismiss plaintiffs Third Cause of Action.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings with respect to plaintiffs' Section 1983 claims, and dismiss those claims.  I deny defendant's motion for judgment on the pleadings with respect to plaintiffs' Title VII claims.  Plaintiffs have withdrawn their Human Rights law claims and therefore I need not address defendants' motion to dismiss these claims.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A.  Telesca
_____
   MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 26, 2012