UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER HOOSE and KATRESE LOCKETT,

                         Plaintiffs,              09-CV-6080T

            v.                                    **DECISION
                                                  and ORDER**

MONROE COUNTY,

                         Defendant,
_____

<u>INTRODUCTION</u>

Plaintiffs Jennifer Hoose ("Hoose") and Katrese Lockett ("Lockett"), bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000(e), claiming that they were discriminated against on the basis of their gender when they were terminated from their employment with the defendant County of Monroe ("the County"). Specifically, the plaintiffs, both of whom are female, claim that they were fired from their jobs as Monroe County Child Protective Services case workers for engaging in activity that was allowed for similarly situated male employees. In support of this claim, plaintiffs allege that they were fired for improperly accessing and disseminating confidential information, and that male co-employees were not disciplined or fired for engaging in the same activity.

Defendant Monroe County now moves for summary judgment claiming that the plaintiffs have failed to state a cause of action for discrimination under Title VII. Specifically, the defendant

contends that plaintiffs have failed to establish that gender was a motivating factor in the decision to fire them, or that similarly situated male employees were treated more favorably than they were. Plaintiffs oppose the defendant's motion.

For the reasons set forth below, I grant defendant's motion for summary judgment, and dismiss plaintiffs complaint in its entirety.

<u>BACKGROUND</u>

The following facts were set forth in my June 6, 2012 Decision and Order granting defendant's motion to dismiss plaintiffs' claims under 42 U.S.C. § 1983. Plaintiffs Katrese Lockett and Jennifer Hoose began their employment with the County of Monroe in 2003 and 2004 respectively. According to the defendant, Hoose and Lockett were employed as Child Protective Services caseworkers. According to the Complaint, both Hoose and Lockett were accused of improperly accessing confidential information contained in the County's computers. According to the County, the plaintiffs not only accessed confidential information that they were not authorized to view, they disclosed the contents of that information to third-parties.

Hoose admits that she improperly used the defendant's computer system to look up private, confidential information for persons who were not her clients, and improperly disseminated private information to her child's father. <u>See</u> Defendant's Statement of

Undisputed Facts at ¶¶ 8-9.4.  Similarly, Lockett admits that she improperly used the defendant's computer system to obtain private, confidential information in violation of defendant's policies.  Id. at ¶¶ 23-23.6.

Although the plaintiffs admit that they engaged in improper conduct which warranted termination from employment, they claim that they were discriminated against on the basis of their gender because male employees who accessed confidential information were allegedly not fired.  The defendant contends that of the three male employees who improperly accessed confidential information, two resigned in lieu of termination from employment, and one received a letter of reprimand. Defendant further contends that of the four women (including the plaintiffs) who were found to have accessed private information without authorization, two were suspended, and two were fired.  Defendant contends that all employees who improperly accessed information and disseminated it to third parties were either fired, or resigned before they were fired, regardless of whether or not they were male or female.  Defendants further assert that those employees who improperly accessed information but did not disseminate the information to third parties received less severe punishment, regardless of gender.

DISCUSSION

I.   The Defendant's Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Tolan v. Cotton, ____, U.S.,_____ 134 S. Ct. 1861, 1863 (2014).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Scott v. Harris, 550 U.S. 372, 380 (2007)(citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

II.   Plaintiffs have Failed to State a Claim of Gender Discrimination

Plaintiffs allege that they were discriminated against on the basis of their gender because they were fired for accessing and disseminating confidential information whereas male employees were not fired for engaging in the same activity.

As I stated in my June 26, 2012 Decision and Order, Title VII of the Civil Rights Act of 1964, prohibits an employer from "hir[ing] or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin". 42 U.S.C. § 2000e-2. Claims of employment discrimination are analyzed under the well-recognized burden shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) and later refined in <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981) and <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993). Under the <u>McDonnell Douglas</u> test, the plaintiff bears the burden proving a <u>prima facie</u> case of discrimination. If the plaintiff succeeds in stating a <u>prima facie</u> case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for taking the employment action at issue. Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but instead were a pretext for discrimination, and that discrimination was the real reason. <u>See Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502-06 (1993).

A.  <u>Plaintiffs have failed to establish a prima facie case of discrimination</u>.

To establish a prima facie case of unlawful employment discrimination based on gender under Title VII, a plaintiff must establish that she is a member of a protected class, was qualified for the position she held, was subjected to an adverse employment

action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

In the instant case, plaintiffs have failed to establish that they were fired under circumstances giving rise to an inference of discrimination.  There is no allegation, or suggestion in the record, that the defendant had any negative attitude towards women, or that women were subjected to a hostile or discriminatory working environment.  There is no allegation or suggestion in the record that the plaintiff's were replaced by male employees.  Rather, the sole basis for plaintiffs' claims of discrimination is their contention that male employees who were caught improperly accessing private information were treated more favorably than women.  The only evidence submitted in support of this contention is plaintiffs' conclusory allegations that although they were fired for having violated the defendant's confidentiality policy, two male employees who violated the policy were allowed to resign, and one male employee was not fired despite violating the defendant's policy.

Plaintiffs' allegations fail to raise an inference of discrimination for several reasons.  Initially, it is uncontested that the two male employees who resigned rather than be terminated from their employment faced the same exact disciplinary action that the plaintiffs did: to wit, the male employees were subjected to

Page -6-

termination from employment.  Unlike the plaintiffs, however, the male employees decided to resign rather than be fired.  Plaintiffs have failed to allege, or present any evidence that they offered to resign from employment, or that they were prohibited from offering to resign in lieu of termination.  Accordingly, plaintiffs have failed to establish that they were treated differently than male employees accused of serious violations of the defendant's confidentiality provisions.  In all instances where an employee, whether male or female, accessed and disseminated confidential information, that employee was subject to termination from employment, and was in fact separated from employment.

With respect to the male employee who was not fired despite accessing private information, it is uncontroverted that the male employee who was not fired had not disclosed the information he accessed to anyone outside of the Department.  Accordingly, the employee's violation was determined by the defendant to be less serious than the violations committed by the plaintiffs and the two male employees who chose to resign.

Finally, plaintiffs ignore the evidence submitted by the defendant establishing that of the four women who were found to have accessed private information without authorization, two were suspended, and two (the plaintiffs) were fired.  This evidence demonstrates that not all women were fired as a result of violating the defendant's confidentiality policies, and that women were not

treated differently than men.  Of the seven people who had violated the policy (four of whom were women, and three of whom were men) two men and two women were fired (or chose to resign), two women were suspended, and one man was given a letter of reprimand. Accordingly, plaintiffs have failed to establish that female employees were treated differently than male employees.

      B.   <u>Defendants have stated a legitimate, non-discriminatory reason for terminating plaintiffs' employment</u>.

Even if the plaintiffs could establish a prima facie of gender discrimination, I find that the defendant has stated a legitimate, non-discriminatory reason for terminating their employment. Specifically, the defendant has established that the plaintiffs were fired because they improperly obtained confidential information, and disseminated that information to third parties for personal gain.  Such an explanation states a legitimate, non-discriminatory reason for firing the plaintiffs.

      C.   <u>Plaintiffs have failed to rebut the defendant's proffered legitimate, non-discriminatory reason for terminating their employment</u>.

To rebut the defendant's legitimate, non-discriminatory reason offered for terminating their employment, plaintiffs must present evidence that a discriminatory reason "more likely than not motivated the employer" or that "the employer's proffered explanation is unworthy of belief."  <u>See</u> <u>Tyler v. Bethlehem Steel Corp.</u>, 958 F.2d 1176 (2nd Cir. 1992)(citations omitted). A plaintiff rebutting the defendant's position may not simply rely on

"some" evidence of pretext, but instead must produce "sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false, and that more likely than not [discrimination] was the real reason for the [employment action]." Woroski v. Nashua Corp., 31 F.3d 105, 110 (2nd Cir. 1994).

In the instant case, plaintiffs have failed to demonstrate that discrimination was more likely than not the real reason they were terminated from their employment. Of the seven employees disciplined for improperly accessing private information, two women and two men were terminated, and two women and one man received lesser forms of discipline. Such evidence demonstrates that women were not treated differently than men with respect to the application of discipline for violating defendant's policies. That the two men who were terminated chose to resign prior to being fired fails to establish discrimination, as there is no evidence that the defendant somehow prevented the plaintiffs from choosing to resign. There is no suggestion in the record that the plaintiffs could not have resigned prior to being fired. See e.g. Ingle v. Glamore Motor Sales, Inc., 73 N.Y.2d 183, 199 (1989)(just as employer may fire an employee, an employee has the right to quit employment at any time). The fact that the two male employees who were subject to termination chose to resign does not indicate that men who obtained and disseminated confidential information were

treated more favorably than female employees who committed the same offense.  Accordingly, I find that plaintiffs have failed to rebut the defendant's proffered legitimate, non-discriminatory reason for terminating their employment.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for summary judgment and dismiss plaintiffs' Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/ Michael A.  Telesca
_____
    MICHAEL A. TELESCA
United States District Judge

Dated:     Rochester, New York
           August 21, 2014